IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL KEITH HORN, § | | |
|     PETITIONER, § | | |
| § | | |
| v. § | | Civil Action No. 4:06-CV-566-Y |
| § | | |
| REBECCA TAMEZ, Warden,[1] § | | |
| FCI-Fort Worth, § | | |
|     RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Michael Keith Horn, Reg. No. 28838-177, is a federal prisoner who is currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

The Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

---

[1] The Court was informed by counsel for FCI-Fort Worth that Cole Jeter has been replaced by Rebecca Tamez as Warden. As such, Rebecca Tamez should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

## C.  PROCEDURAL HISTORY

Horn alleges that on January 23, 2002, he was arrested and charged by state authorities for manufacturing methamphetamine. (Petition at 2.)  At the time of the arrest, he was found to have a firearm in his possession. (*Id.*)  Horn alleges that he was again arrested by state authorities in March 2002 for delivery of a controlled substance and that he bonded out of state custody the next day. (*Id.*)  Apparently, the underlying federal offense of possession of a firearm by an unlawful user of a controlled substance stems from the events of January 23, 2002. (Resp't Appendix at 2, 5.)  On May 16, 2002, Horn was arrested on an outstanding federal warrant and on new state drug-related charges.[2] (*Id.* at 2; Pet'r Memorandum in Support, Exhibit A.)  While in state custody, Horn was indicted on the federal offense. (Resp't Appendix at 2.)  On May 20, 2002, Horn was released to federal custody pursuant to a writ of habeas corpus ad prosequendum for trial and sentencing in his federal case.[3] (*Id.* at 2, 5.)  On November 22, 2002, Horn was sentenced in the United States District Court, Northern District of Texas, San Angelo Division, to a 60-month term of imprisonment. (*Id.* at 2, 5.)  Thereafter, on January 5, 2003, Horn was mistakenly committed to FCI-Fort Worth to begin his federal sentence. (*Id.* at 2.)  Federal authorities later determined Horn was still under primary jurisdiction of state authorities and returned Horn to state custody to dispose of the state charges on February 5, 2003. (*Id.*)  Subsequently, on August 28, 2003, Horn pled guilty and was sentenced to ten years' imprisonment on the state charges in Cause No. 1445 in the 42nd District Court of

---

[2]Apparently, the resulting state charges, brought under cause number CR16-551 in the 35th Judicial District Court of Brown County, Texas, were dismissed on September 8, 2003, on the basis that the case was taken into consideration when disposing of Horn's case in cause number 1445 in the 42nd District Court of Coleman County, Texas, *see infra* p. 2.

[3]Horn appears to insinuate that the fact that he was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum is questionable because Quarterman has not presented a copy of the writ in this proceeding. (Pet'r Reply at 3.)  However, the declaration of David Miranda, Operations Manager at the Designations and Sentence Computation Center (DSCC), is sufficient proof of this fact.

Coleman County, Texas. (*Id*. at 2, 13.) Horn was released to parole in his state case on April 29, 2004, and taken into custody of the United States Marshall Service to begin his federal sentence. (*Id.* at 3, 17.)

**D. DISCUSSION**

By way of this petition, Horn disputes the Bureau's sentence computation calculation and claims the Bureau has violated his statutory and due process rights by denying him 687 days' credit, from May 16, 2002, through April 28, 2004, toward his federal sentence for time spent in state and federal custody. (Petition at 1.) The Bureau has calculated Horn's federal sentence as commencing on April 29, 2004, the date state authorities paroled him and made him available for service of his federal sentence. (Resp't Appendix at 3.) The Bureau disallowed credit for the time spent in state custody and while on loan to federal authorities from May 16, 2002, through April 28, 2004, because that time was applied toward Horn's state sentence. (*Id.*) Horn sought administrative remedy to no avail. (Pet'r Memorandum in Support at 2-3 & Exhibit G.) Thereafter, Horn filed this habeas corpus petition.

18 U.S.C. § 3585, entitled "Calculation of a Term of imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> > **(1)** as a result of the offense for which the sentence was imposed; or
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added). The Bureau's view of § 3585(b) is explained in Program Statement 5880.28(c), which reads as follows:

> **Prior Custody Time Credit.** The [Sentencing Reform Act] includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to 'credit for prior custody' and is controlling for making time credit determinations for sentences imposed under the SRA. . . .

Bureau of Prisons Program Statement 5880.28(c) (Feb. 14, 1997).

Here, the Bureau determined that under § 3585(b) and Program Statement 5880.28 Horn was not entitled to credit toward his federal sentence from May 20, 2002, through April 28, 2004, because he was given credit for the time on his state sentence. (Resp't Appendix at 6, 8-9.) Because the district court did not intend Horn's federal sentence to run concurrently with any state sentence, this appears to be a proper interpretation of the law. (Resp't Appendix at 26.) *See* 18 U.S.C. § 3584(a) (providing that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); *Adams v. Morrison*, 84 Fed. Appx. 419, 420 (5th Cir. 2003); *United States v. Gay*, No. 3:03-CV-2815-G, 2004 WL 246247, at *1-2 (N.D. Tex. Feb. 2, 2004) (not designated for publication), *adopted*, 2004 WL 743714 (N.D. Feb. 24, 2004); *United States v. VonWillie*, 59 F.3d 922, 930-31 (9th Cir. 1995). The fact that Horn was held under a federal detainer after bail was set on the state charges[4], that the

---

[4] Horn claims he is entitled to what is commonly referred to as "*Willis*" credit. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (holding that if petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the (federal) offense"). Even assuming *Willis* is still good law, it is unclear what application *Willis* has to this case, as *Willis* was decided under a predecessor statute to § 3585 on different facts–most notably that Willis's state and federal sentences were concurrent versus consecutive as is Horn's. Moreover, even if the lodging of the federal detainer were sufficient to place a prisoner constructively in federal custody, § 3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence he could not receive credit against his federal sentence where he has already received credit against his state sentence. *See U.S. v. Wilson*, 503 U.S. 329, 332-33 (1992); *U.S. v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983); *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. U.S.*, 31 Fed.Appx. 832, 832,
(continued...)

initial reason for his arrest on May 12, 2007, was an outstanding warrant, or that he was erroneously designated to FCI-Fort Worth to begin his federal sentence does not alter this result.  *See U.S. v. Rorex*, 142 Fed.Appx. 808, 808-09, 2005 WL 1792878, at *1 (5th Cir. 2005) (not designated for publication in the Federal Reporter); *Edmond v. Booker*, 92 F.3d 1196, 1996 WL 442756, at *1 (10th Cir. 1996); *Beard v. Bureau of Prisons*, 133 F.3d 913, 1998 WL 25047, at *1 (4th Cir. 1998) (Table).

## II.  RECOMMENDATION

Based on the foregoing discussion, it is recommended that Horn's petition for writ of habeas corpus be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 7, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

---

⁴(...continued)
2002 WL 180341, at *1 (5th Cir. 2002) (not designated for publication in the Federal Reporter).  This is true even where the presence of the federal detainer prevents the prisoner from obtaining release on bond under state law.

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 7, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 17, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE